IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| RAYMOND JOHN DANIELS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:20-CV-286-Z-BR |
| | § | |
| GARRETT STEVENSON, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## **FINDINGS, CONCLUSIONS AND RECOMMENDATION**

This matter comes before the undersigned upon review of the Complaint, (ECF 3), as required by 28 U.S.C. § 1915A. For the reasons that follow, it is the recommendation of the undersigned United States Magistrate Judge to the United States District Judge that the Complaint be dismissed with prejudice for failure to state a claim upon which relief can be granted.

### I.   ANALYSIS

Plaintiff Raymond John Daniels' ("Plaintiff") allegations in his lengthy, handwritten Complaint boil down to an assertion that he was exposed to unsafe air pollutants during routine cleaning of a ventilation system at his place of incarceration, Dalhart Unit of the Texas Department of Criminal Justice ("TDCJ"). (ECF 3 at 3). Plaintiff alleges that when staff began cleaning, a cloud of dust, mold spores, pollen, and bacteria descended upon a group of inmates, including Plaintiff, who then suffered asthma attacks, rashes, and sinus infections. (*Id.* at 4). Plaintiff further alleges that staff were alerted to the hazard during the cleaning and proceeded anyway. (*Id.* at 3). Plaintiff brings further claims against grievance coordinators and other individuals for failing to investigate his complaints. These assertions, in Plaintiff's telling, amount to an Eighth Amendment claim for deliberate indifference. (*Id* at 8).

The Eighth Amendment does not require comfortable prisons, but it does not tolerate inhumane ones. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Extreme conditions of confinement, then, can amount to a constitutional violation. *Ball v. LeBlanc*, 792 F.3d 584, 592 (5th Cir. 2015). The test to determine whether prison conditions violate the Eighth Amendment is two-fold. First, prison conditions must pose an unreasonable risk of serious damage to a prisoner's health. *Id.* Second, prison officials must have acted with deliberate indifference to the risk posed. *Id.* Momentary and transient discomfort does not amount to reflect the denial of a basic human need required under the test. *Id.*

With those principles in mind, the undersigned must examine the particulars of Plaintiff's Complaint. Plaintiff is entitled to a liberal reading of his filings. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, the most careful reading serves only to confirm that Plaintiff cannot succeed here.

Plaintiff's alleged exposure to pollutants does not approach the standard required to state a claim under the Eighth Amendment. The record reflects efforts by TDCJ staff to maintain a clean, sanitary environment in the Dalhart Unit and that Plaintiff's exposure was limited. (ECF 3). In addition, two specific facts set out in the Complaint weigh heavily against Plaintiff. First, Plaintiff was given the opportunity to leave the area of exposure before cleaning took place. (*Id*. at 22). That he chose not to critically undermines his claim for deliberate indifference. Second, it is apparent that Plaintiff's exposure was a temporary, one-time event. Plaintiff does not allege ongoing or continual exposure of the sort necessary to sustain a claim under the Eighth Amendment. Accordingly, his claims must fail.[1]

---

[1] To the extent Plaintiff asserts claims against TDCJ grievance officers, those claims must also be dismissed. Plaintiff does not possess a due process interest in timely or proper consideration of grievances. *Mahogany v. Miller*,

## II. RECOMMENDATION

For the foregoing reasons, it is the recommendation of the United States Magistrate Judge to the United States District Judge that the Complaint, (ECF 3), be dismissed with prejudice for failure to state a claim upon which relief can be granted. It is further recommended that this matter be considered a strike within the meaning of 28 U.S.C. § 1915(g).

## III. INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED July 18, 2023.

LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

## * NOTICE OF RIGHT TO OBJECT *

Any party may object to these proposed findings, conclusions and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

---

252 F. App'x 593, 595 (5th Cir. 2007).